```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANGELA FULLER, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>ROZLIN FINANCIAL GROUP, INC. and JOHN DOES 1-25,<br><br>                    Defendants. | Civil No. 19-20608 (NLH/KMW)<br><br>OPINION |

**APPEARANCES:**

BEN A. KAPLAN
280 PROSPECT AVE. 6G
HACKENSACK, NJ 07601

   *Attorneys for Plaintiff.*

MONICA M. LITTMAN
KAUFMAN DOLOWICH & VOLUCK LLP
FOUR PENN CENTER
1600 JOHN F. KENNEDY BOULEVARD
SUITE 1030
PHILADELPHIA, PA 19103

RICHARD J. PERR
KAUFMAN DOLOWICH & VOLUCK LLP
FOUR PENN CENTER
1600 JOHN F. KENNEDY BOULEVARD
SUITE 1030
PHILADELPHIA, PA 19103

   *Attorneys for Defendants.*

**HILLMAN**, **District Judge**

   This Fair Debt Collection Practices Act ("FDCPA") matter comes before the Court on motion of Defendant Rozlin Financial

Group, Inc. ("Defendant") to compel this matter into arbitration (ECF No. 11). Plaintiff Angela Fuller ("Plaintiff") opposes Defendant's motion (ECF No. 17). For the reasons that follow, Defendant's motion will be granted.

## BACKGROUND

The Court draws its facts largely from Plaintiff's November 22, 2019 complaint. On or before September 26, 2019, Plaintiff incurred a debt from WHY NOT/KMART ("WhyNot"). (ECF No. 1 ("Compl.") at ¶18). Defendant later purchased that debt and, because the obligation was in default, it sent Plaintiff a collection notice. (Compl. at ¶¶26-28, 31). According to Plaintiff, Defendant does not have a New Jersey license to make such collection attempts in this state, and therefore, violated the FDCPA, 15 U.S.C. § 1692, *et seq.* (Compl. at ¶30). Plaintiff also alleges the collection letter is unclear about the scope of the debt, which constitutes a separate violation of the FDCPA. (Compl. at ¶¶77-79). Plaintiff incorporates the collection letter into her complaint. (ECF No. 1-1).

On January 28, 2020, Defendant moved to compel this matter into arbitration pursuant to the terms of Plaintiff's debt agreement with WhyNot. (ECF No. 11). The original agreement, which Defendant provides, contains a binding arbitration provision associated with Plaintiff's lease of a laptop computer. (ECF No. 12-3 at 1). That lease agreement purports

2

to include Plaintiff's electronic signature, address, and social security number. (ECF No. 12-3 at 4). Defendant also relies on various documents tracing the WhyNot debt through its various transfers, until it came to rest with Defendant.

Defendant's motion to compel arbitration has been fully briefed and is ripe for adjudication.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Legal Standard Governing Motions To Compel Arbitration

Two possible standards apply in deciding motions to compel arbitration: the motion to dismiss standard under Rule 12(b)(6) of the Federal Rules of Civil procedure, or the summary judgment standard under Rule 56 of the Federal Rules of Civil Procedure. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771-72 (3d Cir. 2013); Singh v. Uber Techs. Inc., 939 F.3d 210, 216 (3d Cir. 2019). The parties disagree about which standard should apply in this matter.

Application of the Rule 12(b)(6) standard is inappropriate when either "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity" to establish on its face that the parties agreed to arbitrate, Guidotti, 716 F.3d at 774 (quoting Somerset Consulting, LLC v.

3

United Capital Lenders, LLC, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)), or the opposing party has come forth with reliable evidence that is more than a "naked assertion . . . that it did not intend to be bound" by the arbitration agreement, even though on the face of the pleadings it appears that it did. Guidotti, 716 F.3d at 774 (quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 55 (3d Cir. 1980)); see Singh, 939 F.3d at 216.

In other words, "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'"  Guidotti, 716 F.3d at 776 (quoting Somerset, 832 F. Supp. 2d at 482).  However, if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question."  Id. (quoting Somerset, 832 F. Supp. 2d at 482).

Defendant directs this Court to its prior decision in Clemons v. Midland Credit Mgmt., Inc., No. 18-16883-NLH-AMD, 2019 WL 3336421, at *2 (D.N.J. July 25, 2019) in arguing that the Court may apply the Rule 12(b)(6) standard while also

4

considering the parties' purported contractual arrangement, despite that contract not being directly incorporated into Plaintiff's complaint.  Clemons indeed stands for that proposition.  Id. (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)) ("[e]ven though Plaintiff's complaint does not attach the agreement that contains the arbitration provision at issue, the Court may consider the agreement and the documents relating to [the] assignment of Plaintiff's account to [Defendant]" under circumstances like those presented here).

When applying the motion to dismiss standard, a court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Clemons, 2019 WL 3336421, at *2 (quoting Pension Benefit, 998 F.2d at 1196).  This is because: (1) Plaintiff's claims derive from Plaintiff's agreement now assigned to Defendant, (2) that agreement explicitly refers to assignees such as Defendant, and (3) the collection letter at issue and attached to Plaintiff's complaint directly refers to Defendant, as does Plaintiff's pleading itself, and that collection letter directly arises from the parties' contractual arrangement.  See Clemons, 2019 WL 3336421, at *2.  Moreover, like in Clemons, although Plaintiff argues that the arbitration provision is not enforceable by Defendant,

5

Plaintiff does not dispute the existence of the agreement or its terms. Nor does Plaintiff provide supplemental facts that cast doubt on the legitimacy of the agreement or the assignment of Plaintiff's account to Defendant. Instead, quite the opposite appears true; Plaintiff's entire case hinges upon the agreement she had with WhyNot and its assignees, and she recognizes Defendant is in fact one of those assignees. See (Compl. at ¶26) ("[a]t some time prior to September 26, 2019, the WHY NOT obligation was purchased by and/or sold to ROZLIN FINANCIAL.").

Because the resolution of Defendant's motion rests on a purely legal issue rather than one of disputed fact, that being whether the parties' agreement compels arbitration, and because Plaintiff has not refuted that she signed the agreement containing the arbitration provision, there would be no practical utility in ordering the parties to engage in discovery as all the relevant documents that need to be considered have already been produced. See Doyle v. Ad Astra Recovery Services, Inc., No. 17-5233-NLH-AMD, 2018 WL 1169121, at *2 (D.N.J. 2018) (determining that the motion to dismiss standard applied because even though the plaintiff did not attach the agreement that contained the arbitration provision to the complaint, the plaintiff's claims derived from the agreement and the plaintiff did not argue that discovery was required to interpret the agreement).

6

As such, under the circumstances presented, the Court will apply the Rule 12(b)(6) standard in deciding Defendant's motion, and will consider the parties' agreement as submitted by Defendant.

**C.   Defendant's Motion To Compel Arbitration**

The Federal Arbitration Act (FAA) provides that a written arbitration provision contained in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, a private arbitration agreement is enforceable if (1) a valid arbitration agreement exists between the parties and (2) the dispute before it falls within the scope of the agreement. AT&T Mobility LLC v. Conception, 563 U.S. 333, 344–45 (2011); Flintkote Co. v. Aviva PLC, 769 F.3d 215, 220 (3d Cir. 2014) (before compelling arbitration pursuant to the FAA, a court must determine that "(1) there is a valid agreement to arbitrate between the parties and, if so, (2) [that] the merits-based dispute in question falls within the scope of that valid agreement"). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Financial Corp.- Alabama v. Randolph, 531 U.S. 79, 91, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000).

7

Plaintiff argues (1) the arbitration agreement does not encompass the type of claim brought, and (2) Defendant fails to show it is a proper assignee of the agreement. The Court disagrees with both of Plaintiff's arguments.

A valid agreement to arbitrate exists between these parties. The relevant agreement provides that "[y]ou and we agree that any claim or dispute arising from or in any way related to the Agreement must be resolved by binding arbitration in the state where you live instead of a lawsuit[.]" (ECF No. 12-3 at 3). The agreement also provides that it may be assigned at the debt-holder's discretion. (ECF No. 12-3 at 3) ("[w]e can sell, transfer, or assign this Agreement without restriction."). Plaintiff's argument that Defendant is not a proper transferee of the WhyNot agreement contradicts the allegations of her complaint. See (Compl. at ¶26) ("the WHY NOT obligation was purchased by and/or sold to ROZLIN FINANCIAL."). Additionally, Defendant submits an affidavit of Jason Roozee, Defendant's Custodian of Records, which clearly traces the history of Plaintiff's agreement and how Defendant came to own it. See (ECF No. 12-1 at ¶¶5-11). Plaintiff provides no additional facts suggesting Defendant lacks a right to invoke the WhyNot agreement and its arbitration provision. As such, the Court finds Defendant may invoke the arbitration provision contained in the WhyNot agreement. See Harris v. Midland Credit

8

Management, Inc., No. 15-4453, 2016 WL 475349, at *2 (D.N.J. 2016)("The clear language of the Agreement [ ] defines Credit One to include its successors and assigns.  It also notes that claims subject to arbitration 'include not only Claims that relate directly to us, a parent company, affiliated company, and any predecessors and successors.'  Here, Midland Funding, LLC is a successor to Credit One.  As such, Midland Funding stepped into the shoes of Credit One and is entitled to enforce the arbitration agreement.  Defendant is Midland Funding's affiliate tasked with collecting on Plaintiff's delinquent account.  Therefore, it is also entitled to enforce the arbitration agreement.").

Next, Plaintiff argues that her claim is beyond the scope of the arbitration agreement as it focuses only on whether Defendant had a license in New Jersey to seek collection of the debt at issue.  Essentially, she argues that the matter in issue is not "related" to the parties' agreement.  Plaintiff's argument is unpersuasive.  Indeed, the very essence of Plaintiff's action arises from Defendant's efforts to collect on the debt agreement.  Such actions are unquestionably "related" to that agreement.  As such, the Court finds the parties' agreement to arbitrate would include within its scope the claims before this Court.  See gen. George v. Midland Funding, LLC, No. 18-15830, 2019 WL 2591163, at *4 (D.N.J. June 25, 2019) ("[T]he

9

Agreement broadly incorporates any claim related to the Agreement, including claims asserted against debt collectors or assignees like Defendants. . . . The Court is satisfied that there is a valid agreement to arbitrate and that it covers the claims alleged in the complaint.").

The FAA establishes "a national policy favoring arbitration when the parties contract for that mode of dispute resolution." Preston v. Ferrer, 552 U.S. 346, 349 (2008); see also Griswold v. Coventry First LLC, 762 F.3d 264, 271 (3d Cir. 2014) ("Courts generally apply a presumption in favor of enforcing arbitration clauses."). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

After consideration of the presumption in favor of arbitration in tandem with Plaintiff's inability to prove that her claims are unsuitable for arbitration, Green Tree Financial Corp., 531 U.S. at 91, the Court finds that Plaintiff's complaint must be dismissed in favor of arbitration. See Clemons, 2019 WL 3336421, at *6 (reaching the same conclusion in a similar action).

10

## **CONCLUSION**

For the reasons expressed above, Defendant's motion to compel arbitration (ECF No. 11) will be granted and the matter dismissed to arbitration.  An appropriate Order will be entered.


Date: August 26, 2020             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.